UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSIAH KONRAD PROVAN,

Plaintiff,

-v-

MOUNT SINAI HEALTH SYSTEM, INC., *d/b/a* Mount Sinai West; NEW YORK-PRESBYTERIAN HOSPITAL; THE CITY OF NEW YORK,

Defendants.

---

26-CV-8653 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

Plaintiff Josiah Konrad Provan, who is appearing *pro se*, brings this action under Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd(a); 42 U.S.C. § 1983; Titles II and III of the Americans with Disabilities Act; and the Rehabilitation Act, as well as common law claims of intentional infliction of emotional distress, assault, battery, negligence, and negligent hiring, training, and supervision. The Court liberally construes the complaint as asserting additional statutory claims under New York Civil Rights Law § 85 and the New York State and New York City Human Rights Laws. Plaintiff names as Defendants: (1) Mount Sinai Health System, Inc., doing business as Mount Sinai West ("Mt. Sinai"); (2) New York-Presbyterian Hospital ("NYP"); and (3) the City of New York. He seeks monetary, declaratory, and injunctive relief.

By order dated October 7, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) dismisses all claims against NYP, for failure to state a claim, with 30 days' leave to replead;

(2) directs service on Defendant Mt. Sinai; and (3) requests that Defendant City of New York waive service of a summons.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A. Defendant NYP

Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare

recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.*

Plaintiff names NYP as a Defendant, but in the complaint, he makes no well-pleaded allegations against it. While Plaintiff broadly alleges that NYP violated his rights, he provides no facts from which the Court can infer that NYP took any adverse action against him or even any action at all towards him. Plaintiff describes two incidents in which Mt. Sinai allegedly discharged him in violation of EMTALA, but Plaintiff admits that neither of these incidents involved NYP. *See* ECF No. 1, at ¶ 13 ("Plaintiff does not allege that the two specific incidents described [in the complaint] occurred on an NYP campus."). Plaintiff therefore fails to state a claim under any law against NYP. Accordingly, the Court dismisses Plaintiff's claims against NYP. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid EMTALA claim against

NYP, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims against that Defendant.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

**B. Defendant Mt. Sinai**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service on Defendant Mt. Sinai. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Mt. Sinai through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Mt. Sinai.

**C. Defendant City of New York**

The Clerk of Court is directed to notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendant New York-Presbyterian Hospital. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate Defendant New York-Presbyterian Hospital as a Defendant. The Court nevertheless grants Plaintiff 30 days' leave to amend his complaint to assert an EMTALA claim against Defendant New York-Presbyterian Hospital.

An amended complaint form is attached to this order.

The Clerk of Court is instructed to issue a summons for Defendant Mt. Sinai Health Systems, Inc., complete a USM-285 form with the address of this Defendant, and deliver all documents necessary to effect service on this Defendant to the U.S. Marshals Service.

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that City of New York waive service of summons.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: October 13, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Defendant Mt. Sinai Health Systems, Inc.
One Gustave L. Levy Place
New York, NY 10029